SMUCK *v.* TERLECKY.

1. Libel and Slander—Privileged Communications—Qualifiedly Privileged.

Where, in an action for slander, it appeared that plaintiff's husband had written her a letter reflecting on her and other members of a society, and defendant, during an investigation by the society of the husband's conduct, repeated the language used in the letter, his statement was not absolutely privileged, but only qualifiedly so, and was not actionable if made in good faith, but was actionable if made maliciously or in bad faith.[1]

2. Trial—Refusal of Requests to Charge—Instructions.

Where, in an action for slander, under plaintiff's testimony defendant's statement was not privileged, but under defendant's testimony it was, and the issue was clear-cut, the action of the trial judge in refusing defendant's requests to charge relative to the principle of privileged communications, and instructing the jury that if the facts were found as claimed by plaintiff a verdict in her favor

[1]Libel and Slander, 36 C. J. §§ 167, 259.

was warranted, but if found as claimed by defendant then the verdict should be for him, was not prejudicial error.[2]

Error to Muskegon; Vanderwerp (John), J. Submitted April 20, 1926. (Docket No. 118.) Decided July 22, 1926.

Case by Rosa Smuck against Waysl Terlecky for assault and battery and slander. Judgment for plaintiff. Defendant brings error. Affirmed.

*Willard G. Turner, Jr.,* for appellant.

*Bunker & Rogoski,* for appellee.

CLARK, J. There were about 50 families of Ukrainians in Muskegon Heights having a society or club, the Ukrainian Society. Plaintiff, her husband, defendant, and the other witnesses were members of it. At a ball given by the society in its hall trouble arose between the parties hereto. Plaintiff's version of it is that defendant attacked her without provocation, struck and injured her, and that he applied to her in the presence of others words slanderous *per se,* and that the words were uttered under circumstances affording no ground for a claim of privilege. Defendant's version is that he did not attack or strike plaintiff, but that on the contrary she was guilty of assault and battery toward him. Of the words used, he claims privilege, that plaintiff's husband had written to her a letter using toward her the very words in question and reflecting somewhat on certain members of the society, including plaintiff, who had staged a play at the hall of the society; that on the night of the ball the officers of the society held what might be called a disciplinal inquisition of the claimed conduct of plaintiff's husband; that while this meeting was in progress plaintiff came in; that defendant was sent

[2]Appeal and Error, 4 C. J. § 3031.

for; that he having theretofore seen the letter, stated, in response to inquiry by plaintiff herself, merely the contents of the letter.

Plaintiff's declaration has two counts, one for assault and battery, the other for slander. She had verdict on both counts, on which judgment was entered. Defendant brings error and urges at length one meritorious question, that the court erred in not giving certain of his requests to charge relative to the principle of privileged communications and his contentions in regard thereto. On defendant's own theory, his words were not absolutely privileged, but were qualifiedly so, and the communication was not actionable if made in good faith, but it was actionable if made maliciously or in bad faith. See *Raymond* v. *Croll*, 233 Mich. 268, where the matter is fully discussed.

The testimony adduced by plaintiff gave no ground for a claim of privilege. Plaintiff's version of the trouble was supported by the testimony of other witnesses, and defendant's story was likewise corroborated. The flat, simple, clear-cut conflict in testimony was submitted to the jury. The judge, instead of giving the requests, instructed, after reviewing the facts as claimed by plaintiff, and the facts as claimed by defendant, that if the facts were found as claimed by plaintiff, "then you will be warranted in finding a verdict in favor of the plaintiff in such amount as you find she is entitled to under the first count of this declaration for slander," but if the facts were found to be as claimed by defendant, "then your verdict will be for the defendant."

In these circumstances, we think defendant was not prejudiced by the failure to give the requests. We find no prejudicial error.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.